Jonathan D. Hanks (13061)
JONATHAN D. HANKS, P.C.
1538 Capitol St.,
Ogden, Utah 84401
Telephone: (801) 603-8432
Email: jhanks@hanks-law.com

Attorneys for Plaintiff Dametria Nevels

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DAMETRIA NEVELS;<br>    Plaintiff,<br>vs.<br>ROLLIN COOK, in his official and individual capacities;<br>KENNETH SIO, in his official and individual capacities; and<br>JOHN DOES 1-10;<br><br>    Defendants. | **CIVIL RIGHTS COMPLAINT AND REQUEST FOR TRIAL BY JURY**<br><br>Case No. 1:19-cv-00058-DBP____<br><br>Judge: Dustin B. Pead____ |

Plaintiff Dametria Nevels, by and through her attorney, Jonathan Hanks and Law Office of Jonathan D. Hanks Law, P.C., brings this action pursuant to 42 U.S.C. §1983, seeking damages to remedy violations of her rights secured by the United States Constitution and the Constitution of the State of Utah. Plaintiff Dametria Nevels also seeks damages for violation of the 8th Amendment's prohibition on cruel and unusual punishment, assault, battery, abuse of process, negligence, breach of fiduciary duty, intentional infliction of emotional distress, and negligent infliction of emotional distress.

Dametria Nevels hereby demands trial by jury on all causes of action alleged herein and complains against Defendants as follows:

## I. INTRODUCTION

1. This is a civil rights Complaint under U.S.C. § 1983. This is an action brought by Dametria Nevels, a minor child, to vindicate profound deprivations of her constitutional rights caused by excessive use of force.

2. On January 15, 2009, Plaintiff, then 15 years old, was a resident at a juvenile detention facility ("Facility") owned and operated by the State of Utah.

3. During an interaction with Facility staff in which Plaintiff was defenseless and not posing a threat to Facility residents or staff, Defendant Sio improperly applied a restraining hold in order to cause unnecessary pain to Plaintiff and then, without provocation, slammed Plaintiff to the ground, breaking Plaintiff's arm.

4. After breaking Plaintiff's arm with an audible "snap," and over the screams of pain of the Plaintiff, Defendant Sio wrenched on Plaintiff's arm, causing her additional pain and injury.

## II. JURISDICTION, VENUE, AND NOTICE

5. This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. §§

1981, 1983 and 42 U.S.C. § 1988. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201.

6. This case is instituted in the United States District Court for the District of Utah pursuant to 28 U.S.C. §1391 as the judicial district in which all relevant events and omissions occurred and in which Defendants maintain offices and/or reside.

### III. PARTIES

7. At all times relevant hereto, Plaintiff Dametria Nevels was a resident of the State of Utah and a citizen of the United States of America.

8. At all times relevant hereto, Defendant Rollin Cook was a citizen of the United States and a resident of the State of Utah and was acting under color of state law in his capacity as executive director of the Utah Department of Corrections. Defendant Rollin Cook is sued individually and in his official capacity.

9. At all times relevant hereto, Defendant Kenneth Sio was a citizen of the United States and a resident of the State of Utah and was acting under color of state law in his capacity as a law enforcement officer employed by the State of Utah. Defendant Kenneth Sio is sued individually and in his official capacity.

10. At all times relevant hereto, Defendant John Doe 1 was a citizen of the United States and a resident of the State of Utah. Defendant John Doe 1 is sued in his official capacity as

the commanding officer of the Weber Valley Detention Center, employed by the State of Utah, and was acting under color of state law in his or her capacity as a law enforcement officer employed by the State of Utah. Defendant John Doe 1 is sued individually and in his or her official capacity.

11. At all times relevant hereto, each of the Defendants labeled John Does 2-10 was citizen of the United States and a resident of the State of Utah and was acting under color of state law in his or her capacity as a law enforcement officer employed by the State of Utah. Defendants John Does 1-10 are each sued individually and in his or her official capacity.

12. As the Commander of the Weber Valley Detention Center, Defendant John Doe 1 both exercised and delegated his final decision making power to employees of the Weber Valley Detention Center and others.

13. Upon information and belief, Defendant John Doe 1 oversaw the hiring, training, and supervision of individual Defendant Sio.

14. All Defendants are properly sued directly under 42 U.S.C. § 1983 for their own and their delegated deliberately indifferent unconstitutional decisions, policies, practice, habits, customs, usages, training and derelict supervision, ratification, acquiescence and intentional failures which were moving forces in the complained of constitutional and statutory violations and resulting injuries.

### IV. STATEMENT OF FACTS

15. Plaintiff Nevels incorporates all of the preceding paragraphs, including the allegations and photographs in the Introduction, as if they were fully set forth again at this point.

16. On December 19, 2015, Plaintiff Nevels was an inmate at Weber Valley Detention Center ("Facility");

17. Plaintiff Nevels gave a friend (also an inmate at the Facility) an embrace, in violation of Facility rules;

18. In response to the embrace between Plaintiff Nevels and her friend, Defendant Kenneth Sio ("Sio"), a staff member at the Facility, and another staff member, jointly applied a restraining hold ("Hold") on Plaintiff Nevels;

19. Each staff member held onto one of Plaintiff Nevels's arms;

20. Plaintiff Nevels at that point was completely restrained;

21. Defendant Sio applied the Hold improperly, holding Plaintiff Nevels's arm too far from her body, causing her pain;

22. Plaintiff Nevels complained to Defendant Sio that he was hurting her arm and that Defendant Sio was going to break Plaintiff Nevels's arm;

23. Defendant Sio ignored Plaintiff Nevels's complaints and continued to improperly apply the Hold;

24. Without justification, and without coordinating with the other staff member, Defendant Sio then swept Plaintiff Nevels's legs out from under her, causing her to fall to the ground in an uncontrolled fall;

25. Plaintiff Nevels's arm broke with an audible snapping sound;

26. Defendant Sio refused to release the Hold;

27. Defendant Sio twisted Plaintiff Nevels's now-broken arm further, unnecessarily causing Plaintiff Nevels additional pain;

28. Plaintiff Nevels cried out in pain at her broken arm;

29. Defendant Sio refused to release the Hold;

30. Defendant Sio continued to apply increased pressure to Plaintiff Nevels's now-broken arm further, unnecessarily causing Plaintiff Nevels additional pain;

31. Child Protective Services ("CPS") conducted an investigation ("Investigation")of the above-described event and closed the case with a finding of SUPPORTED for allegations of Severe Physical Abuse with Complainant as the victim and Kenneth Sio as the Perpetrator.

32. CPS specifically found in the Investigation that Sio had no reason to initiate a takedown of Complainant;

33. CPS further found that "[t]he take down was unplanned and inappropriately executed which resulted in a broken arm and suggests an excessive use of force."

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Violation Civil Rights (42 U.S.C. §1983
### Eighth Amendment Prohibition of Cruel and Unusual Punishment

34. Plaintiff Nevels incorporates all of the preceding paragraphs, including the allegations and photographs in the Introduction, as if they were fully set forth again at this point.

35. Defendant Sio's act of improperly applying a restraining hold on Plaintiff, sweeping Plaintiff's feet out from under Plaintiff, slamming Plaintiff to the floor, breaking Plaintiff's arm, and wrenching on Plaintiff's obviously broken arm, was and is in deliberate indifference to Plaintiff's constitutional rights and violates the prohibition against cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

36. At all relevant times, Defendant Sio, in improperly applying a restraining hold on Plaintiff, sweeping Plaintiff's feet out from under Plaintiff, slamming Plaintiff to the floor, breaking Plaintiff's arm, and wrenching on Plaintiff's obviously broken arm, has acted under color of State law to deprive Plaintiff of her constitutionally protected rights including, but not limited to, the right to be free of cruel and unusual punishment, guaranteed by the Eighth Amendment to the United States Constitution.

37. Defendant Cook and Defendants John Does 1-10, in the hiring, training, and supervision of Defendant Sio, and through the implementation of other policies and procedures that led to Defendant Sio's intentional series of acts that brought harm to Plaintiff, were and are in deliberate indifference to Plaintiff's constitutional rights and violates the prohibition against cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

38. At all relevant times, Defendant Cook and Defendants John Does 1-10, in the hiring, training, and supervision of Defendant Sio, and through the implementation of other policies and procedures that led to Defendant Sio's intentional series of acts that brought

harm to Plaintiff, have acted under color of State law to deprive Plaintiff of her constitutionally protected rights including, but not limited to, the right to be free of cruel and unusual punishment, guaranteed by the Eighth Amendment to the United States Constitution.

39. Plaintiff is entitled to judgment from this Court in an amount to be established at trial, but no less than $250,000, in actual damages, for the violation of her constitutional right to be free of cruel and unusual punishment.

40. Plaintiff is entitled to judgment from this Court in an amount to be established at trial, but no less than $250,000, in punitive damages, for the violation of her constitutional right to be free of cruel and unusual punishment.

## SECOND CAUSE OF ACTION
### Assault

41. Plaintiff Nevels incorporates all of the preceding paragraphs, including the allegations and photographs in the Introduction, as if they were fully set forth again at this point.

42. Defendant Sio intended to cause Plaintiff to suffer apprehension of an immediate harmful contact when he improperly applied a restraining hold on Plaintiff.

43. Defendant Sio actually caused Plaintiff to suffer apprehension of an immediate harmful contact when he improperly applied a restraining hold.

44. Defendant Sio's improper application of the restraining hold in fact caused Plaintiff to suffer pain, and Plaintiff, as a direct result, suffered apprehension of additional and further immediate harmful contact from Defendant Sio.

45. At all times referenced herein, Defendant Sio presented to Plaintiff an apparent ability to cause harm by his significant size and apparent training in applying painful restraint techniques.

46. Plaintiff is entitled to judgment from this Court in an amount to be established at trial, but no less than $250,000, for the assault.

### THIRD CAUSE OF ACTION
### Battery

47. Plaintiff Nevels incorporates all of the preceding paragraphs, including the allegations and photographs in the Introduction, as if they were fully set forth again at this point.

48. Defendant Sio intentionally applied force to Plaintiff by sweeping her feet out from under her and slamming her to the ground.

49. When Defendant Sio swept Plaintiff's feet out from under her and slammed Plaintiff to the ground, he intended harm to Plaintiff.

50. Plaintiff did not consent to Defendant Sio's act of sweeping her feet out from under her and slamming her to the ground.

51. As a direct result of Defendant Sio's act of sweeping Plaintiff's feet out from under her and slamming her to the ground, Plaintiff has suffered pain and injury, including without limitation, broken bones.

52. Defendant Sio intentionally applied force to Plaintiff by wrenching on Plaintiff's arm, even after Defendant Sio broke Plaintiff's arm with an audible "snap."

53. When Defendant Sio wrenched on Plaintiff's broken arm, he intended harm to Plaintiff.

54. Plaintiff did not consent to Defendant Sio's act of wrenching on Plaintiff's broken arm.

55. As a direct result of Defendant Sio's act wrenching on Plaintiff's broken arm, Plaintiff has suffered pain and injury, including without limitation, aggravation of already broken bones.

56. Defendant's intentional actions are the direct and proximate cause of damages to Plaintiff in the form of emotional distress.

57. Defendant's intentional actions are the direct and proximate cause of damages to Plaintiff in the form of physical pain and suffering.

58. Defendant's intentional actions are the direct and proximate cause of damages to Plaintiff in the form of actual financial damages incurred in treating Plaintiff's injuries.

59. Plaintiff is entitled to judgment from this Court in an amount to be established at trial, but no less than $250,000, for the battery.

## FOURTH CAUSE OF ACTION
### Breach of Fiduciary Duty

60. Plaintiff Nevels incorporates all of the preceding paragraphs, including the allegations and photographs in the Introduction, as if they were fully set forth again at this point.

61. A special relationship existed between Plaintiff and all Defendants by virtue of Plaintiff's status as a prisoner at the Weber Valley Detention Center.

62. A special relationship existed between Plaintiff and all Defendants by virtue of Plaintiff's status as a minor and the Defendants' status as Plaintiff's caretakers.

63. Because of the special relationship between Defendants and Plaintiff, Defendants owed Plaintiff a duty of care.

64. By participating in, or allowing, Defendant Sio to physically assault and batter Plaintiff, thereby violating her constitutional rights and causing physical and emotional injury to Plaintiff, Defendants breached their duty to Plaintiff.

65. Because of the breaches fiduciary duty by Defendants, Plaintiff has suffered injury.

66. Defendants' breach of fiduciary duty is the direct and proximate cause of damages to Plaintiff in an amount to be proven at trial, but no less than $100,000.

## FIFTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

67. Plaintiff Nevels incorporates all of the preceding paragraphs, including the allegations and photographs in the Introduction, as if they were fully set forth again at this point.

68. Defendant Sio knew that severely injuring Plaintiff would cause Plaintiff emotional harm.

69. Defendant's behavior is outrageous in its disregard for the health and safety of Plaintiff.

70. Defendant either acted with intent to cause Plaintiff emotional distress or acted with reckless disregard to the probability of causing Plaintiff emotional distress.

71. Since the assault and battery, Plaintiff has suffered severe, continual and ongoing emotional distress, including anxiety, nightmares, sleep deprivation, excessive fear of police officers, and is in a continual state of fright.

72. Defendant's intentional actions are the direct and proximate cause of damages to Plaintiff in the form of emotional distress.

73. Plaintiff is entitled to judgment from this Court in an amount to be established at trial, but no less than $250,000, for the intentional infliction of emotional distress as against Defendant.

## SIXTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

74. Plaintiff Nevels incorporates all of the preceding paragraphs, including the allegations and photographs in the Introduction, as if they were fully set forth again at this point.

75. Defendant Sio owed Plaintiff a duty of care.

76. Defendant was on notice of his duty of care to Plaintiff.

77. Defendant breached this duty by assaulting and battering Plaintiff.

78. Defendant's negligent actions are the direct and proximate cause of damages to Plaintiff in the form of emotional distress.

79. Clawson is entitled to judgment from this Court in an amount to be established at trial, but no less than $250,000, for the negligent infliction of emotional distress as against Defendant.

## SEVENTH CAUSE OF ACTION
### Respondeat Superior

80. Plaintiff Nevels incorporates all of the preceding paragraphs, including the allegations and photographs in the Introduction, as if they were fully set forth again at this point.

81. Defendant Sio caused injury to Plaintiff through his assault and battery of Plaintiff.

82. Defendant assaulted and battered Plaintiff while engaged in the course and scope of his employment, while serving as an agent of the Weber Valley Detention Center.

83. Defendant Cook and Defendants John Doe 1-10 are vicariously liable for the wrongful conduct of Defendant Sio, including all causes of action brought herein.

### EIGHTH CAUSE OF ACTION
### Negligent Employment, including Negligent Hiring, Negligent Supervision, and Negligent Retention

84. In the alternative to the Seventh Cause of Action for Respondeat Superior, Plaintiff brings this, Eight Cause of Action for Negligent Employment, including Negligent Hiring, Negligent Supervision, and Negligent Retention.

85. Plaintiff Nevels incorporates all of the preceding paragraphs, including the allegations and photographs in the Introduction, as if they were fully set forth again at this point.

86. Upon information and belief, Defendant Cook and Defendants John Doe 1-10 knew or should have known that Defendant Sio posed a foreseeable risk of retaliatory harassment to prisoners at Weber Valley Detention Center.

87. Defendant Sio inflicted harm to Defendant, at the time a prisoner at the Weber Valley Detention Center, by using excessive force to break her arm and then wrench that broken arm to cause additional pain and damage to Plaintiff.

88. Upon information and belief, the negligence of Defendant Cook and Defendants John Doe 1-10 in hiring, supervising, and/or retaining Defendant Sio proximately caused the Plaintiff's injuries.

89. Defendant Cook and Defendants John Doe 1-10 are liable for the injuries inflicted upon Plaintiff by Defendant Sio, including all causes of action brought herein.

## JURY DEMAND

Plaintiff requests a jury trial on all issues in this case.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

1. Under the First Cause of Action, for general compensatory damages in an amount to be determined at trial, but no less than $250,000;

2. Under the Second and Third Causes of Action, for general compensatory damages in an amount to be determined at trial, but no less than $250,000;

3. Under the Fourth Cause of Action, for general compensatory damages in an amount to be determined at trial, but no less than $100,000;

4. Under the Fifth and Sixth Causes of Action, for general compensatory damages in an amount to be determined at trial, but no less than $250,000;

5. For special damages as are shown at trial;

6. For punitive damages as may be allowed by law, but no less than $250,000;

7. For pre-judgment interest on the damages assessed by the verdict of the jury, as allowed by law;

8. For plaintiff's costs and reasonable attorney fees incurred herein, pursuant to 42 U.S.C. 1988; and

9. For such other and further relief as the Court deems just and proper.

DATED this 17th day of June, 2019.

**JONATHAN D. HANKS LAW, P.C.**

By: /s/ Jonathan Hanks
Jonathan D. Hanks
Attorneys for Defendant