**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| NEVELS,<br><br>　　　　　　Plaintiff,<br>　　vs.<br>COOK ET AL.,<br><br>　　　　　　Defendants. | Case No. 1:19-cv-0058-DBB-CMR<br><br>**REPORT AND RECOMMENDATION**<br><br>District Judge David B. Barlow<br>Magistrate Judge Cecilia M. Romero |

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 25). For the reasons outlined below, the undersigned RECOMMENDS this case be dismissed.

## I.　BACKGROUND

On June 17, 2019, Plaintiff Demetria Nevels filed her Complaint against defendants (ECF 2). On June 18, 2019, the court entered an Order to Propose Schedule and ordered Plaintiff to propose a schedule to defendants within the earlier of fourteen days after any defendant has appeared or twenty-eight days after any defendant was served with the Complaint (ECF 3). On December 16, 2020, after all defendants had made an appearance, the court issued a Docket Text Order to Comply with the Order to Propose Schedule within fourteen days (ECF 26). On March 8, 2021, well after the fourteen days had expired, the court issued an Order to Show Cause directing Plaintiff to respond in writing no later than March 8, 2021, of the status of the case and intention to proceed. The court warned that failure to do so would result in dismissal of the case (ECF 27).

On March 8, 2021, Plaintiff submitted a Case Update informing the court that the

remaining parties were engaged in formal settlement discussions and, if those negotiations were unsuccessful, Plaintiff would file a motion for summary judgment by April 2, 2021 (ECF 28).  On March 22, 2021, Plaintiff filed a Status Report with the court indicating a dispute regarding service of process of Defendant Kenneth Sio was delaying submission of a proposed scheduling order (ECF 30).  Plaintiff's self-imposed April 2, 2021 deadline for filing a motion for summary judgment expired and Plaintiff failed to submit any pleadings or other filings in this matter.

On May 7, 2021, the court issued a second Order to Show Cause ordering Plaintiff to comply with the Order to Propose Schedule (ECF 3) within five days from the date of the Order (ECF 31).  The second Order to Show Cause once again warned Plaintiff that failure to respond would result in recommendation the case be dismissed.  To date, no response has been filed and the time to do so has expired.

## II.     DISCUSSION

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order."  Fed. R. Civ. P. 41(b); *see also* DUCivR 41-2 (allowing dismissal for failure to prosecute).  This court may dismiss actions *sua sponte* for failure to prosecute.  *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with . . . court orders."); s*ee also Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (stating court has inherent authority to clear "calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief").

In doing so, the court considers:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Olsen,* 333 F.3d at 1204.

Factors two, three, four, and five favor dismissal. Plaintiff failed to respond to the court's second Order to Show Cause. Plaintiff's failure to move this matter along interferes with the judicial process and her culpability in failing to prosecute this matter is high. There appears to be no effective lesser sanction. Plaintiff has been afforded multiple opportunities to proceed with the case and has failed to do so (ECF 17). Since no scheduling order has been issued, discovery has not been begun and the court cannot find there would be any actual prejudice against the remaining defendants in dismissing the matter at this stage in the proceeding. While Plaintiff has previously provided the court with updates as to her intention to proceed, Plaintiff has not provided a court with any additional information since March 22, 2021. On whole, the circumstances here militate in favor of dismissal.

## **RECOMMENDATION**

Based on Plaintiff's failure to prosecute this case, the court **RECOMMENDS** the District Court **DISMISS** this case without prejudice.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 8 June 2021.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah